IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs June 2, 2010

## STEVEN D. SKINNER v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Shelby County**
**Nos. 00-05699, 00-05700      James M. Lammey, Jr., Judge**

**No. W2009-00307-CCA-R3-PC  - Filed October 22, 2010**

The petitioner, Steven D. Skinner, appeals the denial of his petition for post-conviction relief. On appeal, he argues that counsel's representation was ineffective because counsel failed to investigate and prepare for his case. After careful review, we affirm the judgment from the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which DAVID H. WELLES and CAMILLE R. MCMULLEN, JJ., joined.

June Ganguli and Ruchee J. Patel, Memphis, Tennessee, for the appellant, Steven D. Skinner.

Robert E. Cooper, Jr., Attorney General and Reporter; Deshea Dulany Faughn, Assistant Attorney General; William L. Gibbons, District Attorney General; and David Zak, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The petitioner was convicted of two counts of first degree premeditated murder and received consecutive life sentences with the possibility of parole. The petitioner's convictions arose after the two victims, members of the same gang as the petitioner (the Gangster Disciples), were given approximately $53,000 to purchase drugs in Houston, Texas. The victims returned from Texas without the money or the drugs and claimed they were swindled. The leadership of the gang then ordered that the victims be killed. The petitioner's involvement in the killings consisted of providing a signal to other gang members, the flashing of the lights of a truck, to instruct those members to commence the shooting of the two victims. The petitioner's convictions and sentences were affirmed on appeal. *See State v. Steve Skinner*, No. W2003-00887-CCA-R3-CD, 2005 Tenn. Crim. App.

LEXIS 179, *1 (Tenn. Crim. App. Feb. 28, 2005). The petitioner filed a petition for post-conviction relief and was appointed counsel thereafter. Following hearings on September 4, 2008, and November 10, 2008, the post-conviction court denied the petition for post-conviction relief.

During the hearing on the petition for post-conviction relief, the petitioner testified that he was convicted by a jury of multiple counts of first degree murder and admitted that he was a member of the Gangster Disciples. He said that he entered a guilty plea in federal court to distributing cocaine at the time of the murders. He claimed he was not at the scene when the victims were shot. He said that counsel was appointed to represent him in state court. He also said he admitted to counsel that he was at the scene but denied that he gave the signal to kill the victims. He explained that counsel did not ask for an investigator to be appointed to the case. The petitioner said counsel gave him discovery materials but did not review them with him. He testified that counsel only met with him on one occasion in jail and then only briefly in court. He said they discussed some trial strategy, including that he could not be convicted based on the uncorroborated testimony of an accomplice. The petitioner claimed that counsel was unprepared for cross-examination.

The petitioner's trial counsel testified that he represented the petitioner during his trial on the first degree murder charges. He testified that the petitioner's case turned on a single issue, whether he did or did not give the signal that ordered the shooting of the victims. Trial counsel testified that the petitioner was able to assist him in many aspects of preparing his defense that might not normally be performed by a criminal investigator because he knew the inner workings of the gang and provided information on all the people who accused him of the crimes and those who were testifying against him. Counsel explained that an investigator could not have expanded upon the volume of relevant information the petitioner was able to provide, so he deemed it unnecessary to retain an investigator. Trial counsel met with the petitioner many times to discuss the case and prepare strategy.

Counsel testified that he effectively cross-examined the State's witnesses and was able to impeach several of them. He explained that he consulted with the petitioner throughout the trial and that the petitioner provided helpful information. For example, he learned from the petitioner that a State's witness would testify he saw no light signal before the murders. Afterward, he was able to elicit that testimony from the witness.

The federal prosecutor who tried the petitioner testified that the petitioner was under a federal indictment during the time he was prosecuted in the Shelby County Criminal Court. The federal indictment charged the petitioner with two counts of conspiracy to possess and distribute controlled substances. He testified that the petitioner had not been charged with the murders in federal court because he had cooperated with the government by providing

information about the other conspirators. He eventually entered into a plea agreement with the federal government in which he pleaded guilty to one drug conspiracy charge. Although the petitioner was surprised at facing state charges following his federal conviction, there was no agreement in place barring such prosecution.

The post-conviction court denied the petition for relief and found that the petitioner had failed to introduce proof regarding his claims that trial counsel was ineffective. The court found that trial counsel's failure to object to jurors' anonymity was not deficient performance and, instead, was a matter of trial strategy.

Analysis

On appeal, the petitioner claims that he received ineffective assistance from his trial counsel. Specifically, he contends that trial counsel failed to properly investigate his case when he did not utilize an investigator, failed to review the transcripts of his co-defendant's trials for purposes of preparing for impeachment on cross-examination, and failed to sufficiently explain to the petitioner the strength of the case against him or the legal strategy of his defense. Moreover, the petitioner claims that the cumulative effect of those errors demonstrated his trial counsel's ineffectiveness.

When a claim of ineffective assistance of counsel is made under the Sixth Amendment, the burden is upon the complaining party to show that (1) counsel's performance was deficient, and (2) the deficiency was prejudicial in terms of rendering a reasonable probability that the result of the trial was unreliable or the proceedings fundamentally unfair. *See Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). In *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975), our supreme court required that the services be rendered within the range of competence demanded of attorneys in criminal cases. In reviewing counsel's conduct, a "fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065; s*ee Nichols v. State*, 90 S.W.3d 576, 587 (Tenn. 2002).

It is unnecessary for a court to address deficiency and prejudice in any particular order, or even to address both if the petitioner makes an insufficient showing on either. *Strickland*, 466 U.S. at 697, 104 S. Ct. at 2069. In order to establish prejudice, the petitioner must establish a "'reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *State v. Burns*, 6 S.W.3d 453, 463 (Tenn. 1999) (quoting *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068) (citations omitted).

The petitioner bears the burden of proving the factual allegations that would entitle the petitioner to relief by clear and convincing evidence. T.C.A. § 40-30-210(f). We review the post-conviction court's factual findings underlying a claim of ineffective assistance of counsel under a *de novo* standard with a presumption that those findings are correct – unless the preponderance of the evidence establishes otherwise. *Burns*, 6 S.W.3d at 461. However, the post-conviction court's conclusions of law – such as whether counsel's performance was deficient or whether that deficiency was prejudicial – are reviewed under a *de novo* standard with no presumption of correctness. *Fields v. State*, 40 S.W.3d 450, 457 (Tenn. 2001) (citations omitted).

"When a petitioner contends that trial counsel failed to discover, interview, or present witnesses in support of his defense, these witnesses should be presented by the petitioner at the evidentiary hearing." *Black v. State*, 794 S.W.2d 752, 757 (Tenn. Crim. App. 1990); *see also Scott v. State*, 936 S.W.2d 271, 273 (Tenn. Crim. App. 1996). As a general rule, this is the only way the petitioner can establish that (1) a material witness existed who could have been discovered but for counsel's negligent investigation of the case; (2) a known witness was not interviewed; (3) the failure to discover or interview the witness caused him prejudice; or (4) the failure to present a known witness resulted in the denial of critical evidence which caused the petitioner prejudice. *Black*, 794 S.W.2d at 757. Neither the trial court nor this court can speculate on what a witness's testimony might have been if introduced by counsel. *Id.*

Here, the post-conviction court concluded that the petitioner failed to show by clear and convincing evidence that he was denied effective assistance of counsel. The petitioner argues that trial counsel was ineffective for failing to use an investigator. The post-conviction court found that trial counsel's representation did not fall below an objective standard of reasonableness which is supported by the record. Trial counsel testified that the petitioner was the most knowledgeable person regarding the case and assisted him in preparing for trial. Counsel testified that the petitioner knew each witness for the State that was accusing him of the crimes and was able to provide useful information pertinent to the case and, specifically, for cross-examination to impeach the State's witnesses. Trial counsel said that no investigator would have been able to provide them the volume of information that he was able to provide. Counsel also testified as to his preparation for trial, including his review of the petitioner's federal sentencing report and the testimony from his co-defendant's federal trials.

The petitioner also contends that counsel was not fully prepared to proceed to trial because he could not articulate the status of the co-defendant's cases that were resolved in advance of the petitioner's case. However, counsel testified that he had access to this

material and reviewed all of it prior to trial. He also had conversations with the federal prosecutor about the case and subpoenaed him to court in case he needed his testimony. He ultimately made a strategic decision not to use the prosecutor's testimony because he did not know what additional, harmful information he might testify to in front of the jury. Clearly, the trial court accredited the testimony of trial counsel in concluding that he was properly prepared for trial.

Next, the petitioner argues that counsel did not sufficiently inform him of the strength of the case against him. Specifically, he argues that the record shows that he was "not explained the effectiveness of the impeachment of witness testimony, the privilege of the Prosecution to proceed under alternate theories simultaneously, and, finally, the privilege of the State to indict and prosecute a case regardless of the outcome in Federal court when there is no written agreement otherwise." However, the petitioner fails to cite to the record in support of any of these claims. This issue is waived since the petitioner has failed to make appropriate references to the record. Tenn. Ct. Crim. App. R. 10(b); *State v. Schaller*, 975 S.W.2d 313, 318 (Tenn. Crim. App. 1997); *State v. Turner*, 919 S.W.2d 346, 358 (Tenn. Crim. App. 1995); *see also* Tenn. R. App. P. 27(a)(7) and (g). It is the duty of the accused to provide a record which conveys a fair, accurate, and complete account of what transpired with regard to the issues forming the basis of the appeal. Tenn. R. App. P. 24(b); *see State v. Taylor*, 992 S.W.2d 941, 944 (Tenn. 1999).

In his final issue, the petitioner argues that he was denied a full and fair hearing on the merits of his petition. The record reflects that there were two days of hearings on this matter on September 4, 2008, and November 10, 2008. During those hearings, the petitioner was afforded the opportunity to call witnesses and present evidence to support his petition. The hearings were postponed to a later date to allow the petitioner's federal public defender an opportunity to testify on his behalf. We conclude that the petitioner was given an opportunity to be heard at his evidentiary hearing and that any failure of the post-conviction court to address issues from his initial or amended petition for relief is based on the petitioner's failure to present evidence to support those issues.

Conclusion

Based on the foregoing and the record as a whole, we affirm the judgment from the post-conviction court.

_____
JOHN EVERETT WILLIAMS, JUDGE

-5-